UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TORIE G. RICHARDSON,

    Petitioner,

v.                                          Case No. 1:25cv243-MW-HTC

RICKY D. DIXON, SECRETARY OF
THE FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

ORDER and
REPORT AND RECOMMENDATION

Petitioner Torie G. Richardson, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254, challenging his conviction in the Eighth Judicial Circuit in Alachua County Case Number 2018-CF-4263A. Doc. 1. Upon review of the petition and Memorandum of Law (Doc. 5), and after taking judicial notice of the relevant state court documents, the undersigned *sua sponte* recommends the petition be DISMISSED without an evidentiary hearing as UNTIMELY. It was filed almost two (2) years after the statute of limitations expired.

I.     **STANDARD FOR DISMISSAL UNDER RULE 4**

Under Habeas Rule 4, "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine

it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 requires district courts to dismiss § 2254 petitions without ordering a response "[i]f it plainly appears from the petition that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020).

This preliminary review calls on a district court to screen the petition prior to service and dismiss the petition, *sua sponte*, upon a determination that it contains no meritorious claim for relief. *See* Rules Governing § 2254 Cases, R. 4 advisory committee notes ("it is the duty of the court to screen out frivolous applications"). The procedure serves to "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*

A dismissal under Rule 4 may be appropriate both on the merits and upon a finding that the petition is procedurally barred. *Paez*, 947 F.3d at 649. Specifically, a district court may *sua sponte* dismiss a § 2254 petition if it is clear the petition is untimely. *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008); *Jackson v. Sec'y for Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (*per curiam*) ("even though the statute of limitations is an affirmative defense, the district court may review *sua sponte* the timeliness of the section 2254 petition").

## II. THE PETITION IS UNTIMELY

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a § 2254 petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] However, the one-year period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). As discussed below, Richardson's federal petition is untimely because the one-year statute of limitations period began to run in 2022 and expired in October 2023.

Based on the electronic docket for Alachua County Case Number 2018-CF-4263A[2] and the petition, Richardson was convicted in March 2021, after a jury trial, of lewd and lascivious conduct on a victim less than 12 years of age and battery. Doc. 1 at 1-2. On August 8, 2025, he submitted the instant federal petition to prison mail officials for filing. Doc. 1. In the petition, Richardson raises three challenges to the judgment and conviction: (1) the trial court erred in allowing child

---

[1] Although there are other "trigger" dates under the AEDPA, none of those apply here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

[2] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, the undersigned will take judicial notice of Richardson's state court records, available at https://www.alachuaclerk.org/lindas and https://acis.flcourts.gov.

hearsay statements through the mother; (2) counsel was ineffective for failing to preserve that issue for appeal; and (3) the prosecutor committed a *Giglio / Brady* violation by not providing the transcript of the mother's deposition to defense until the eve of trial. *Id.*

The petition, however, is untimely. According to the petition and the state court dockets, Richardson filed a direct appeal of the judgment and conviction to the First District Court of Appeal ("First DCA") on August 31, 2021. *See* Doc. 1 at 3; First DCA number 2021-1022. On July 13, 2022, the First DCA issued a *per curiam* opinion affirming the judgment without written opinion. *See id.* Richardson admits he did not file a petition for rehearing, seek review with the Florida Supreme Court, or seek certiorari in the United States Supreme Court. Doc. 1 at 3-4. Therefore, Richardson's conviction became final ninety (90) days later, on October 11, 2022. *See Chamblee v. Florida*, 905 F.3d 1192, 1198 (11th Cir. 2018) ("judgment was final for purposes of triggering the AEDPA's limitations period … when the 90-day window for filing a petition for a writ of certiorari in the United States Supreme Court seeking direct review of the First District Court of Appeal's decision affirming his convictions and sentence expired").

The AEDPA one-year limit began running the next day and expired on **October 12, 2023**. *See* 28 U.S.C. § 2244(d)(1)(A). Richardson states in the petition that he filed a Florida Rule 3.850 post-conviction motion on December 22, **2022**, that was denied on December 28, 2022. Doc. 1 at 4-5. Richardson is incorrect about

Case No. 1:25cv243-MW-HTC

those dates. A review of the state court dockets show that Richardson did not file any post-conviction motions between October 11, 2022, and October 12, 2023. The dockets do not show that Richardson filed any motion on December 22, 2022.[3]

Instead, according to the state court dockets, the *first and only* post-conviction motion Richardson filed was docketed on December 22, 2023,[4] more than two months *after* the one-year statute of limitations period had expired, and was denied on December 28, 2023. *See* Exhibit A, electronic docket sheet for Case No. 2018 CF 4263. Because that motion was not filed until after the limitations period expired, it did not toll the limitations period. *See e.g., Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where a state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute of limitations because no time remains to be tolled).

Because the one-year AEDPA deadline in this case expired in October 2023, and the instant federal petition was not filed until August 8, 2025, the petition is untimely.

---

[3] The only event that took place in 2022 was the issuance of the mandate by the First DCA on August 1, 2022, in Richardson's direct appeal affirming the judgment and conviction.

[4] A copy of the 3.850 motion contains a date stamp indicating that it was "Provided to Suwannee Correctional Institution on December 18, 2023, for mailing." *See* Exhibit B.

Case No. 1:25cv243-MW-HTC

### III.    CONCLUSION

For the reasons set forth above, the undersigned recommends the petition be dismissed *sua sponte*. A court does not err by *sua sponte* dismissing a § 2254 petition if it gives the petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond") (quotation marks omitted). This Report and Recommendation serves that function. *See Paez*, 947 F.3d at 649. Additionally, the undersigned will direct the clerk to provide the Secretary and the Attorney General's office a copy of the petition and this Report and Recommendation so that the Secretary will also have an opportunity to inform the Court if he intends to waive the timeliness defense. *See id*.

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, because no factual issues are involved

in finding Petitioner's petition is time-barred, an evidentiary hearing is not warranted.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

Accordingly, it is ORDERED:

1. The clerk shall serve a copy of the petition and this Order and Report and Recommendation to the Respondent Ricky Dixon by providing a copy of same to the Secretary and to the Attorney General. Despite such service of the petition, the Respondent may, but does not have to, file an answer, motion, or other response.

Additionally, it is respectfully RECOMMENDED:

1.  That the petition be DISMISSED under Habeas Rule 4 as untimely.

2.  That a certificate of appealability be DENIED.

3.  That the clerk be directed to close the file.

At Pensacola, Florida, this 2nd day of October, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

# J.K. "Jess" Irby, Esq.



Clerk of Circuit Court

## General Index Search

« Search Results « Search Form « LINDAS Menu

- Summary
- Parties
- Events
- Dockets
- Charges
- Alerts
- Bond
- Summons
- Ticklers
- Costs

Docket List
**01 2018 CF 004263 A** - FELONY Closed - F3 (JUDGE COLAW)
STATE OF FLORIDA -VS- RICHARDSON, TORIE GERMAYLLASHEA

190 records found                                                           Displaying records 1-50

Result Page: [1] 2 3 4 »

| File Date | Docket Text | Amount | Amount Due | Images | # of Pages |
|---|---|---|---|---|---|
| 12/28/2023 | XXXX | | | | |
| 12/28/2023 | CERTIFICATE OF SERVICE OF POST CONVICTION RELIEF ORDER | | | 🔍 | 1 |
| 12/28/2023 | ORDER DENYING MOTION F/POST CONVICTION RELIEF//COLAW | | | 🔍 | 88 |

| Date | Description | | |
|---|---|---|---|
| 12/26/2023 | COURT ADVISED BY EMAIL OF MOTION FOR POST-CONVICTION RELIEF | | |
| 12/22/2023 | MOTION FOR POST CONVICTION RELIEF | 🔍 | 21 |
| 12/22/2023 | OBTS POST-COURT ENTRY<br>Count: 1, 2, 3<br>POST SENTENCE PHASE<br>Date Reopened: 12/22/2023<br>Reason Reopened: Motion for Post Conviction Relief | | |
| 07/18/2023 | MEMO IN RESPONSE TO PRISONER REQUEST | 🔍 | 1 |
| 07/14/2023 | PUBLIC RECORDS REQUEST UNDER FREEDOM OF INFORMATION ACT | 🔍 | 3 |
| 08/01/2022 | MANDATE-AFFIRMED #21-1022 | 🔍 | 3 |
| 10/01/2021 | CASE (LIEN) FORWARDED TO COLLECTION | | |
| 10/01/2021 | COLLECTIONS RECORD STAGED WITH LIEN AMOUNT OF $1174.00 | | |
| 05/26/2021 | LETTER FORWARDING RECORD ON APPEAL, AND EFILING CONFIRMATION | 🔍 | 2 |
| 05/04/2021 | 03/29-03/30/2021- JURY SELECTION AND TRIAL JUDGE COLAW | | |
| 04/19/2021 | EFILING CONFIRMATION FOR ORDER OF INSOLVENCY | | |
| 04/16/2021 | MONETARY OBLIGATIONS AUDITED//hap | | |
| 04/07/2021 | LETTER FROM FIRST DCA ACKNOWLEDGING RECEIPT OF NOTICE OF APPEAL #21-1022 | 🔍 | 1 |
| 04/07/2021 | NOTICE OF APPEAL TRANSMITTAL FORM AND EFILING CONFIRMATION | 🔍 | 3 |
| 04/06/2021 | OBTS POST-COURT ENTRY<br>Count: 1, 2, 3<br>POST SENTENCE PHASE<br>Notice of Appeal Date: 04/06/2021 | | |
| 04/06/2021 | ASSESSMENT - $100.00 CF APPEAL CIRCUIT FILING FEE   $100.00   $0.00 | | |
| 04/06/2021 | NOTICE OF APPEAL - CRIMINAL | 🔍 | 1 |
| 04/06/2021 | MOTION TO APPOINT COUNSEL FOR APPEAL | 🔍 | 1 |
| 04/06/2021 | STATEMENT OF JUDICIAL ACTS TO BE REVIEWED | 🔍 | 1 |
| 04/06/2021 | MOTION FOR AUTHORIZATION OF TRANSCRIPT OF COURT PROCEEDINGS | | |
| 04/06/2021 | CERTIFIED COPY OF CIVIL JUDGMENT | 🔍 | 1 |
| 04/06/2021 | CIVIL JUDGMENT ENTERED | 🔍 | 1 |
| 04/06/2021 | ORDER ON MOTION FOR TRANSCRIPTION | 🔍 | 2 |
| 04/06/2021 | ORDER OF INDIGENCY AND APPOINTING THE PUBLIC DEFENDER FOR APPEAL | 🔍 | 2 |
| 04/05/2021 | DEPARTMENT OF CORRECTIONS COMMITMENT PACKET | 🔍 | 3 |
| 04/02/2021 | RESTITUTION ORDER - NOT APPLICABLE// COLAW | | |
| 04/02/2021 | CASE AUDITED FOR CIVIL LIEN PURPOSES - $1,174.00 LIEN SENT TO JUDGE FOR SIGNATURE//HAP | | |

| Date | Description | | |
|---|---|---|---|
| 03/30/2021 | EVIDENCE CONTROL FORM | | 3 |
| 03/30/2021 | XXXX | | |
| 03/30/2021 | OIEN BATCH RECORD | | |
| 03/30/2021 | ASSESSMENT - CF ATTORNEY FEES | $100.00 | $100.00 |
| 03/30/2021 | ASSESSMENT - CF STATE ATTY COST OF PROSECUTION | $100.00 | $100.00 |
| 03/30/2021 | ASSESSMENT - $151.00 RAPE CRISIS TRUST FUND | $151.00 | $151.00 |
| 03/30/2021 | ASSESSMENT - $201 CF DOMESTIC VIOLENCE FUND | $201.00 | $201.00 |
| 03/30/2021 | ASSESSMENT - $151.00 CF CRIME AGAINST MINORS | $151.00 | $151.00 |
| 03/30/2021 | ASSESSMENT - $2 CF LCL LW ENFORCEMENT Charge #1: LEWD LASCV BEHAVIOR: MOLEST VIC LESS 12YOA OFFENDE | $2.00 | $2.00 |
| 03/30/2021 | ASSESSMENT - $419 CF BASE COSTS | $419.00 | $419.00 |
| 03/30/2021 | ORDER ESTABLISHING MONETARY SUMS /@ | | 2 |
| 03/30/2021 | FELONY GUILTY - JUDGMENT AND SENTENCE | | 6 |
| | OBTS COURT ENTRY | | |
| | Count: 3 | | |
| | Charge Status: Same | | |
| | Final Plea: Not Guilty 03/30/2021 | | |
| | Court Action: Guilty Adjudication 03/30/2021 | | |
| | Disp. Judge: COLAW, JAMES M | | |
| | Court Action: Jury Trial | | |
| | Date Imposed: 03/30/2021 | | |
| 03/30/2021 | Effective Date/Time: 03/30/2021 | | |
| | Type: State Prison Facility | | |
| | Time YYY: 005 MM: 00 DD: 00 | | |
| | Credit Time Served DDDD: 0302 | | |
| | Defr Sentence: No | | |
| | Costs: 1,174.00 | | |
| | Disp. Date: 03/30/2021 | | |
| | Pty Chrg Dsp: Adjudicated Guilty/Delinquent in Juvenile Court | | |
| 03/30/2021 | PARTY CHARGE DISPOSITION ENTRY | | |
| | Chg No: 1 Citation #: | | |
| | Degree of Offense: Life - Felony | | |
| | Date of Offense Begin: 11/01/2018 End: | | |
| | Final Plea: Not Guilty 03/30/2021 | | |
| | Court Action: Guilty Adjudication 03/30/2021 | | |
| | Disp. Jdg: COLAW, JAMES M | | |
| | Division Nbr.: Jurisdiction Retained: | | |
| | Trial Type: Jury Trial | | |
| | Date Imposed: 03/30/2021 Effective: 03/30/2021 | | |
| | Confinement Period: Life Confinement | | |
| | Defr. Sentence: No | | |
| | Fines/Costs: Yes Fines: Costs: 1,174.00 | | |
| | Court Charge Status: Same | | |
| | Court Action Code: 800.04(5)(B) | | |
| | Description: LEWD LASCV BEHAVIOR: MOLEST VIC LESS 12YOA OFFENDE | | |

| | |
|---|---|
| | Degree of Offense: Life - Felony<br>Offense Activity: Not Applicable<br>Gen Off Character: Principal<br>Drug Type: Not Applicable<br>Miscellaneous Sentencing Option: Determined to be a Sexual Predator<br>Pty Chg Disp: 03/30/2021 Adjudicated Guilty/Delinquent in Juvenile Court<br>Pty Chg Disp: 05/28/2019 Filed<br>License Surrendered: No<br>OBTS COURT ENTRY<br>Count: 1<br>Charge Status: Same<br>Final Plea: Not Guilty 03/30/2021<br>Court Action: Guilty Adjudication 03/30/2021<br>Disp. Judge: COLAW, JAMES M<br>Court Action: Jury Trial |
| 03/30/2021 | Date Imposed: 03/30/2021<br>Effective Date/Time: 03/30/2021<br>Type: State Prison Facility<br>Period: Life Confinement<br>Defr Sentence: No<br>Costs: 1,174.00<br>Disp. Date: 03/30/2021<br>Pty Chrg Dsp: Adjudicated Guilty/Delinquent in Juvenile Court<br>OBTS COURT ENTRY<br>Count: 2<br>Charge Status: Reduced<br>Offense Activity: Not Applicable<br>Gen. Off. Char: Not Applicable<br>Drug Type: Not Applicable<br>Action Code: 784.03(1)(A)(1) BATTERY: TOUCH OR STRIKE<br>Final Plea: Not Guilty 03/30/2021<br>Court Action: Guilty Adjudication 03/30/2021<br>Degree of Offense: First Degree Misdemeanor |
| 03/30/2021 | Disp. Judge: COLAW, JAMES M<br>Court Action: Jury Trial<br>Date Imposed: 03/30/2021<br>Effective Date/Time: 03/30/2021<br>Type: County Jail<br>Time YYY: 000 MM: 11 DD: 29<br>Credit Time Served DDDD: 0364<br>Defr Sentence: No<br>Costs: 1,174.00<br>Disp. Date: 03/30/2021<br>Pty Chrg Dsp: Adjudicated Guilty/Delinquent in Juvenile Court |
| 03/30/2021 | VERDICT  🔍  2 |

| | | | |
|---|---|---|---|
| 03/30/2021 | JUROR CONCERN | | |
| 03/30/2021 | JURY INSTRUCTIONS | 🔍 | 11 |
| 03/30/2021 | SCORE SHEET | 🔍 | 3 |

Result Page: [1] [2](#) [3](#) [4](#) [»](#)

Username: **ru_mdupee**
Log Out

User Profile

Clerk's Home Page
Public Records Online



IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT,
IN AND FOR ALACHUA COUNTY, FLORIDA

TORIE GERMAYLLASHEA RICHARDSON,
Defendant,

V.

STATE OF FLORIDA,
Plaintiff.

Case No.: 01-2018-CF-004263-A

Provided to Suwannee Correctional Institution on:

DEC 1 8 2023

TB for mailing, by:

## MOTION FOR POST-CONVICTION RELIEF 3.850

COMES NOW, Torie G. Richardson, Defendant, *pro se*, under Fla. R. Crim. P. 3.850 seeking post-conviction relief and would show this Honorable Court to whit:

2023 DEC 22 PM 3: 42
J.K. "JESS" IRBY, ESQ
CLERK OF COURTS
ALACHUA COUNTY, FL

FILED
CK 40

Torie G. Richardson, DC# G04425
Suwannee CI / Annex
5964 U.S. Hwy 90
Live Oak, Florida 32060



1

21

# TABLE OF CONTENTS

1. TABLE OF CITATIONS..................................................................................3

2. STATEMENT OF THE CASE........................................................................4

3. SUMMARY OF THE ARGUEMENT..............................................................7

4. GROUND ONE: Abuse of Discretion............................................................7

5. GROUND TWO: Ineffective Counsel for failure to preserve under section 90.803(23)(c)..................................................................................................12

    (A) Trial Counsel failed to impeach Sgt. Michael Coopers hearsay testimony of Kyrrelle Wards testimony as personal knowledge told to him.
    (B) Trial Counsel failed to object to Kyrrelle Wards testimony or impeach for contradictory unsubstantiated statements denied by alleged victim.
    (C) Trial Counsel failed to impeach hearsay witness testimony as unsubstantiated second hand statements.
    (D) Trial Counsel was ineffective for not impeaching all cumulated contradicting statements made in direct contradiction with Kyonna the alleged victims pretrial, deposition, and trial statements.

6. GROUND THREE: Did a Giglio or Brady violation occur where Defendant was denied access to Kyrrelle Wards deposition pre-trial to ascertain defense strategy showing contradictory statements.......................................................15

7. CONCLUSION..............................................................................................18

8. UNNOTARIZED OATH.................................................................................19

9. CERTIFICATE OF SERVICE.......................................................................19

2023 DEC 22 PM 3: 42
J.K. "JESS" IRBY, ESQ.
CLERK OF COURTS
ALACHUA COUNTY, FL
FILED
CK 40